VENUS A. BARRINGER v. JOHN T. BARRINGER.

(Filed 10 November, 1910.)

**1. Divorce—Issues—Brutal Conduct—Evidence Sufficient.**
   In this action for divorce *a mensa* there was such evidence upon the issue of the barbarous treatment of the husband, of his murderous assaults on the *feme* plaintiff, and of his brutal conduct and habitual drunkenness, as to fully warrant the jury's affirmative finding of that issue.

2. **Divorce—Issues—Drunkenness—Provocation—Harmless Error.**
> In this case an issue was submitted to the jury upon the question of whether the defendant's habitual drunkenness was "without provocation" on the part of the wife, the plaintiff, and though erroneous as to defendant's justification, was not prejudicial to him, and harmless in this case.

APPEAL from *Biggs, J.,* at the May Term, 1910, of ROWAN.

Civil action for divorce *a mensa.*

These issues were submitted and answered by the jury:

1. Were plaintiff and defendant married to each other as alleged? Answer: Yes.

2. Has the plaintiff been a resident of this State for two years prior to the commencement of this action, and the filing of the complaint? Answer: Yes.

3. Did the defendant by cruel and barbarous treatment endanger the life of the plaintiff, without provocation on her part as alleged? Answer: Yes.

4. Had the defendant become an habitual drunkard, as alleged in the complaint, without provocation on plaintiff's part? Answer: Yes.

From the judgment rendered the defendant appealed.

*A. H. Price, P. S. Carlton* and *R. L. Wright* for plaintiff.
*Hatcher & Smoot, Jerome, Maness & Sikes* for defendant.

PER CURIAM. The evidence set out in the record discloses most barbarous and inhuman treatment upon the part of the defendant husband. It includes evidence of murderous assaults, continued brutal conduct and long continued habitual drunkenness, fully warranting the findings of the jury.

The issue tendered by defendant, "Is the defendant an habitual drunkard?" is immaterial, as the finding upon the third issue is amply sufficient to uphold the judgment.

We think, however, his Honor submitted the fourth issue in proper form, except as to the last part, "without provocation on plaintiff's part," and that addition did not prejudice defendant. We are not aware that the wife's provocation ever justifies or excuses the husband in becoming an habitual drunkard.

We have examined the six assignments of error and find them to be without merit.                    No error.