## John F. Devine, Administrator, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 19,984.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook County; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed November 10, 1914.

## Statement of the Case.

John F. Devine, suing as administrator of the estate of Theodore Wallerstedt, deceased, brought an action against the Chicago Railways Company, a corporation, for recovery for the wrongful death of a boy of tender years.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Plaintiff's intestate, Theodore Wallerstedt, a little boy, was struck by a northbound California avenue car, owned and operated by the defendant, Chicago Railways Company, about twenty feet north of the north cross walk of Augusta street, on March 23, 1911, about three o'clock in the afternoon of that day. The deceased had been standing at the east curb of California avenue, north of said cross walk, with two other little boys. The view of the approaching car was unobstructed. He advanced from the curb towards the east track, on which the northbound cars ran, and when about at the east rail of said track he was struck by said car and carried under the front trucks and killed.

Plaintiff's declaration consisted of three counts. The first count averred, in substance, that on said day plaintiff's intestate was a pedestrian on said California avenue, at or near its intersection with Augusta street, public highways in the city of Chicago, that while plaintiff's intestate was in the exercise of ordinary care for his own safety the defendant then and there caused one of its motor or electric cars to be so carelessly and negligently driven, propelled and managed that said car ran into and struck plaintiff's intestate, causing his death, and that he left him surviving certain heirs (naming them) who have sustained and will sustain great pecuniary loss by reason of his death. The second count was substantially the same as the first, except that the negligence charged was that defendant drove said car at a high and excessive rate of speed. The third count was also substantially the same as the first, except that the negligence charged was that defendant caused no bell or warning of any kind to be rung or sounded. To this declaration the defendant filed a plea of the general issue.

The following instruction was given by the court at the request of the plaintiff:

"3. The court further instructs the jury that, if they believe from the evidence, that plaintiff's intes-

tate, at the time of the accident, was a child *between the age of six and seven years,* then he could not, because of his tender years, be guilty of, or be charged with carelessness or negligence in respect to the accident in this case, so as to relieve at all any want of due care on the part of the defendant company, so that, if the jury further believe, from the evidence, that the accident, causing the death of plaintiff's intestate, was due to the want of due and ordinary care by the defendant company, or its servants, as charged in the declaration or some count thereof, then you should find a verdict for the plaintiff, and no want of care by the plaintiff's intestate will save the defendant from the liability for the accident.''

A trial was had before a jury. There was no evidence that the deceased was under seven years of age, and he was referred to by several witnesses merely as a ''little boy.'' The trial resulted in a verdict finding the defendant guilty and assessing plaintiff's damages at three thousand dollars. A judgment was entered upon the verdict in favor of the plaintiff and defendant appeals from that judgment.

PHILIP ROSENTHAL and ALFRED B. DAVIS, for appellant; JOHN R. GUILLIAMS and FRANK L. KRIETE, of counsel.

T. FRED LARAMIE, for appellee; ANDREW J. O'DONNELL, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 96*—*when a child cannot be charged with contributory negligence.* A child under seven years of age is deemed incapable of exercising care, and contributory negligence cannot be imputed to him.

2. NEGLIGENCE, § 218*—*when instruction erroneous as assuming*

facts. Where there is no evidence that plaintiff's intestate was "between the age of six and seven years," or under seven years of age, an instruction assuming that such a fact exists is misleading and erroneous.

3. NEGLIGENCE, §˙208*—when instruction erroneous as omitting element of due care. Where several instructions directed a verdict for the plaintiff if the jury found the facts as therein severally stated, but each instruction omitted entirely the element of the exercise of ordinary care by the deceased for his own safety, the instructions were erroneous and the error could not be cured by other instructions.

4. INSTRUCTIONS, § 119*—when instruction erroneous as ˙not based on evidence. An instruction that submits it˙ to the jury to find if a certain fact exists virtually tells them that there is evidence tending to prove such fact, and if there is no evidence tending to prove it the instruction is calculated to mislead the jury and is erroneous.