Action by plaintiff to recover damage on account of wrongful death of plaintiff's intestate. From a judgment in favor of the plaintiff, defendant appeals. No error.
The evidence tended to show that 22 August, 1924, the defendant's large electric delivery truck was parked on the left side of Brevard Street, Charlotte, contrary to a parking ordinance, while its driver went into the house of A. S. Campbell to deliver a package of laundry. The driver approached this position "angling across the street." The truck was painted black and red in checkerboard style. When the driver was going into the Campbell house he saw the Sams child, plaintiff's intestate, coming down the steps. These are half-moon steps, and go from the ground to the second story. "It is about six feet from the foot of these stairs to the curbstone." This Sams child came right on down and walked out of the gate to the side of the truck and got up on its left front wheel, but on the left side. The control lever is located between the steering wheel and side of the body. The child climbed up on the left front wheel, leaned over the side of the body and got hold of the steering wheel and then reached the lever and pushed it down and the car started.
When the car started the child was on the left front wheel and his feet were thrown out from under him and he caught on the side. The car went southwardly down North Brevard Street, "angling across the street." This indicated that the driver did not turn his wheels toward *Page 651 
the curb when he stopped the truck. The driver was still in the house. A witness jumped on the truck in an effort to stop it, and the child fell off and the truck ran over him injuring him so that he died in only twenty minutes.
There was evidence tending to show that if the truck had been parked to the right side of the curb, the child could not have reached the steering apparatus from the right, or curb side, if standing on the right-hand wheel. None of these trucks have "controller and drive" on the right side. The wheel tread is 56 inches. The defendant had owned eight electric trucks of the same kind. The left side is boxed up and the right side is not. It would be easy for a child to climb up into the truck from the right side. The switch plug on the truck is on the right side. The truck could not be moved by electric current if the switch plug is out; this big brass plug slips in and makes the connection by which the electric current is turned on. The Sams child was strong and healthy, 4 years old and accustomed to playing out on the sidewalk. If the switch plug is removed the truck is practically dead. The car was left with the brakes loose, not set. The witness who stopped the car after the injury, put on the brakes and stopped the car.
There must, of necessity, be a period within which a child is incapable of exercising care to such a degree as may be otherwise legally applicable to the given situation. We are of the opinion that a child 4 years old is incapable of negligence, primary or contributory. 20 R. C. L., 124, paragraph 105; Shellaberger v. Fisher, 143 Fed., 937; Purtell v.Philadelphia Coal Co., 256 Ill. 110; South Bend v. Turner, 156 Ind. 418;Schmitz v. St. Louis R. Co., 119 Mo., 256; Sou. R. Co., v. Chatman,124 Ga. 1026; Chicago City R. Co., v. Wilcox, 138 Ill. 370; Evansville v.Senhenn, 151 Ind. 42; Barnes v. Shreveport City R. Co., 47 La. Ann., 1218;Buechner v. New Orleans, 112 La. 599; Twist v. Winona R. Co., 39 Minn. 164;Christian v. Fernandez. 100 Miss. 76; O'Flaherty v. Union R. Co.,45 Mo., 70; Newman v. Phillipsburgh Horse-Car R. Co., 52 N.J. L., 446;Mangam v. Brooklyn City R. Co., 38 N.Y. 455;Bottoms v. R. R., 114 N.C. 699;Rolin v. Tobacco Co., 141 N.C. 300; Ruehl v. Rural Telephone Co., 23 N.C. 6;Cleveland Rolling Mill Co. v. Corrigan, 46 Ohio St. 283; Kay v.Pennsylvania R. Co., 65 Pa. St., 269; Summers v. Bergner Brewing Co., 143 Pa. St., 114; Evers v. Philadelphia Traction Co., 176 Pa. St., 376;Tucker v. Buffalo Cotton Mills, 76 S.C. 539;Gunn v. Ohio River R. Co., 42 W. Va. 676;Hemingway v. Chicago R. Co., 72 Wis. 42. *Page 652 
This ruling is in accord with the decisions throughout this country, as indicated by the following: McDermott v. Severe, 202 U.S. 600. In this case the Court affirmed the judgment for plaintiff, a boy 6 years and 10 months old. The trial court instructed the jury that, since plaintiff was under 7 years of age, contributory negligence could not be attributed to him. Tea Co. v. Freedman, 94 C.C.A., 369; Northern Pac. R. Co. v.Shevenack, 122 C.C.A., 178; Sheffield Co. v. Harris, 183 Ala. 357; St.Louis I. M. S. R. Co. v. Denty, 63 Ark. 177; L. N. R. R. Co. v. Arp,136 Ga. 489; Anderson v. Ry. Co., 15 Idaho 513; Devine v. Chicago Ry.Co., 189 Ill. App. 435; U.S. Brewing Co., v. Stoltenberg, 211 Ill. 531;Elwood Electric Co. v. Ross, 26 Ind. 258; Smith v. A. T. S. F. R. R.Co., 25 Kans., 738; Ill. Cent. R. R. Co. v. Dupree, 138 Ky. 459; Palermov. Orleans Ice Mfg. Co., 130 La. 833; Morgan v. Aroostook Valley R. Co., (Maine), 98 A. 628; Marsland v. Murray, 148 Mass. 91; Hoover v. DetroitR. Co., 188 Mich. 313; Berry v. R. R., 214 Mo., 593; Dorr v. Ry., 76 N. H., 160; Napurana v. Young, 74 N.J. L., 627; Birkett v. Knickerbocker IceCo., 110 N.Y. 504; Levine v. Ry., 70 Ap. Division, 426, affirmed177 N.Y., 523; McDonald v. O'Reilley, 45 Oreg., 589; Counizzarri v.Phila. R. Ry Co., 248 Pa., 474;Dodd v. Spartanburg Ry. Gas and Electric Co.,95 S.C. 9; Wise Co. v. Morgan, 101 Tenn. 273; Ollis v. H. E. W. T. Ry.Co., 31 Tex. Civil App., 601; Smalley v. R. R., 34 Utah 423; N. W. R. R.Co. v. Groseclose's Adm'r., 88 Va. 267; American Tobacco Co. v. Polisco,104 Va. 777; Eskildsen v. City of Seattle, 29 Wn. 583; Parrish v. Cityof Huntington, 57 W. Va. 286; Gibson v. City of Huntington, 38 W. Va. 177;O'Brien v. Wis. Cent. T. Co., 119 Wis. 7; Wald v. Electric Ry., 18 Manitoba, 134, affirmed in 41 Can. S.C., 431; Cooke v. Midland G. W. Ry., 15 Ann. Cas., 557; McGregory v. Ross, (England) 10 Rettie, 725; L.R.A., 1917 F., 104.
A child of this tender age merely indulges the natural instincts of a child and amuses himself with an empty cart, a deserted horse, an automobile or an electric truck, or whatever may be in his sight. In so doing he is not negligent. Lynch v. Nurdin, 113 Eng. Rep., 1041, 1 Q. B. Rep., 29. This case has been regarded as the basic authority for this doctrine. Its facts are these: "Mr. Nurdin was an egg merchant, and used to send his servant round Soho with a cart to deliver eggs to his customers. One day, when the man was out with the cart as usual, he imprudently left it for half an hour or so standing by itself on Compton Street, drawn up by the side of the pavement. While he was away some little children began playing about the cart, climbing into it, and having all kinds of games. Amongst them was a little boy named Lynch, aged six years. He was in the act of climbing the step with a view to securing a box seat, when another mischievous little boy *Page 653 
pulled at the horse's bridle. The horse moved on, and the little Lynch was thrown to the ground and hurt.
"The child successfully brought an action for damages against the egg merchant, it being considered that he was not guilty of contributory negligence, as he had only obeyed a child's natural instinct in playing with the cart." Shirley's Leading Cases in the Common Law (3rd English Edition), 273.
This principle is also announced in Magel v. Railway Co., 75 Mo., 653;Koons v. R. R., 65 Mo., 592; R. R. v. Fort, 84 U.S. 553; R. R. v. Stout,84 U.S. 657; Bailey on Personal Injuries, 1291; Black on Contributory Negligence, secs. 137-140; Rolin v. Tobacco Co., supra; Berry v. R. R.,214 Mo., 593; Birge v. Gardiner, 19 Conn. 507; Daley v. Norwich W. R. Co.,26 Conn. 591; Wilmot v. McPadden, 76 Conn. 367, 19 L.R.A. (N.S.), 1101; Haynes v. Gas Co., 114 N.C. 203; Powers v. Harlowe, 51 Am. Rep., 160; Kramer v. R. R., 127 N.C. 330; Barnett v. Mills, 167 N.C. 576, and cases cited and discussed by the late Mr. Justice Allen. In Wheeling andLake Erie R. R. Co. v. Harvey, 77 Ohio St. 235, 83 N.E. 797, 122 Am. St. Rep., 503 (includingSchwartz v. Skoon Water Works Co. idem., 522), the various views of this principle are cited. To the same effect is Krachanakev. Mfg. Co., 175 N.C. 435; Richardson v. Libes, 188 N.C. 112 (a child 6 years old playing with dynamite caps. This special class of injuries to children is authoritatively reviewed in L.R.A., 1917 A. 1295N); Grahamv. Power Co., 189 N.C. 381. In Ashby v. R. R., 172 N.C. 98, it is held that contributory negligence cannot be attributed to a child of 8 years. Authorities might be extended, but we deduce the rule to be that one is held responsible for all the consequences of his acts which are natural and probable and ought to have been foreseen by a reasonably prudent man, and if one wrongfully leaves upon a public street, in a populous city, a large electric delivery truck, with the "plug" in its place, and the brakes loose and not set, which he, as a reasonable man, ought to have foreseen, in the exercise of ordinary care, would likely be disturbed by heedless children, then he is liable for an injury resulting from such negligence. Lane v.Atlantic Works, 111 Mass. 136; Union Pac. v. McDonald, 152 U.S. 262;Stark v. Holtzclaw, 105 So. 330 (Florida).
The trial court in the charge to the jury correctly applied the rule of negligence, proximate cause, explaining an efficient intervening cause which relieves of liability. The defendants' liability has been determined by the rule of the prudent man, according to the proper test.
The court fully charged the jury that parking the truck on the left side of the street, contrary to the ordinance, was negligence; but, in order to answer the first issue "Yes" on this phase of the case, they *Page 654 
must find that this negligence was the proximate cause of the injury. This charge is sustained. Kyne v. Wilmington, 14 A. 922; Gibson v.Leonard, 143 Ill. 182, 17 L.R.A., 588; Browne v. Cooper Co.,191 Ill. 226;Nickey v. Steuder, 164 Ind. 189; Edwards v. R. R., 129 N.C. 78;Henderson v. Traction Co., 132 N.C. 779; Duval v. R. R., 134 N.C. 331;Cheek v. Lumber Co., 134 N.C. 225; Leathers v. Tobacco Co., 144 N.C. 330;Starnes v. Mfg. Co., 147 N.C. 556; Rich v. Electric Co., 152 N.C. 689;Ledbetter v. English, 166 N.C. 125; Newton v. Texas Co., 180 N.C. 561;Stultz v. Thomas, 182 N.C. 470.
However, such negligence must be the proximate cause of the injury.McNeill v. R. R., 167 N.C. 390; Dunn v. R. R., 174 N.C. 254; Chancey v.R. R., 174 N.C. 351; Lea v. Utilities Co., 175 N.C. 459; Ridge v. HighPoint, 176 N.C. 421; Balcum v. Johnson, 177 N.C. 213; Construction Co.v. R. R., 184 N.C. 179.
The act of the Sams child in starting the truck, under the charge of the court, and in the light of the admitted facts, was not an excusing, intervening, efficient cause. The test is set out in Balcum v. Johnson,supra; Harton v. Telephone Co., 141 N.C. 455.
Proximate cause, as defined in Taylor v. Lumber Co., 173 N.C. 112, was applied in the instant case.
There was no error in refusing the motion to nonsuit and to give the prayers for instruction further than given in the charge.
Negligence was defined according to Baron Alderson's formula: "Negligence is the omission to do something which a reasonable man, guided upon those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a prudent and reasonable man would not do." Pollock on Torts, 442.
We are not disposed to extend the so-called "attractive nuisance" doctrine (Briscoe v. Lighting and Power Co., 148 N.C. 396, 62, S.E., 600, 19 L.R.A. (N.S.), 1116). The electric truck is in no sense a nuisance. It is a common vehicle of commerce. The street on which it was parked, without due care for the protection of the public, is open to all the people, including plaintiff's intestate, and the principle is forcibly reannounced in Ferrell v. Cotton Mills, 157 N.C. 528, when it says: "Although the dangerous thing may not be what is termed an attractive nuisance, that is to say, not have a special attraction for children, by reason of their childish instinct, yet, when it is so left exposed that they are likely to come into contact with it, and when their coming in contact with it is obviously dangerous to them, the persons so exposing the dangerous thing should reasonably anticipate the injury that is likely to happen to them from being so exposed, and is bound to take *Page 655 
reasonable care to guard it so as to prevent injury to them." Iamurri v.Saginaw City Gas Co., 148 Mich. 27.
The ordinance of Charlotte, offered by defendant during the examination of plaintiff's witnesses was not competent to show diligence of plaintiff's intestate.
The defendant asserts error in setting aside so much of the first verdict as related to damages.
As this Court has said in Jarrett v. Trunk Co., 144 N.C. 299, 302;Barringer v. Barringer, 153 N.C. 392, this practice in the trial court is not to be commended. Frequently the issues are so interwoven that serious harm may result from setting aside only one issue. The same rule obtains in the Federal courts. R. R. Co. v. Ferebee, 238 U.S. 274.
However, prejudice to the appellant does not affirmatively appear (Perryv. Surety Co., ante, 284), and the court had the power, in its discretion so to do (Billings v. Observer, 150 N.C. 540). No question of law or legal inference is presented by this exception and we will not interfere.
The evidence objected to was competent to explain the truck and its construction to the jury. We find
No error.