ARNOLD B. WILLIAMS v. RICHARD JUNIOR MICKENS AND EMBRA C. MORRIS.

(Filed 27 November, 1957)

Automobiles § 52—
 The owner of an automobile, merely because he leaves the keys in the ignition switch when he parks the car in a lawful manner, may not be held liable for injuries inflicted by the negligent operation of the vehicle by a thief who steals the car.

APPEAL by plaintiff from *McKeithen, S. J.,* July, 1957 Term, RANDOLPH Superior Court.

Civil action to recover damages to plaintiff's automobile alleged to have been caused by the negligence of Richard Junior Mickens, agent or employee of Embra C. Morris.

The defendant Morris denied the agency of Richard Junior Mickens and alleged that he stole this defendant's taxicab and was escaping with it at the time he collided with the plaintiff's automobile, causing the plaintiff's damage.

On the trial, the parties entered into the following stipulations:

"(2) On December 25, 1955, the plaintiff was the owner of a certain 1952 Dodge four-door sedan, and the defend-Embra C. Morris was the owner of a certain 1952 Plymouth four-door sedan taxicab.

"(3) At about 7:30 to 7:45 p.m. on December 25, 1955, the defendant Embra C. Morris parked said 1952 model Plymouth sedan taxicab in the taxi stand in front of his

place of business at 905 South Ashe Street in the City of Greensboro, in order to go into his place of business for a few minutes. The defendant Embra C. Morris left the ignition key in the ignition lock of said Plymouth taxicab with the ignition turned off. After the defendant Embra C. Morris had been in his place of business for about two or three minutes, and without the knowledge or permission of said Embra C. Morris, Richard Junior Mickens entered the Plymouth taxicab, turned on the ignition, started the cab and drove the same over and along certain streets in the City of Greensboro until he reached the intersection of Ashe and West Lee Streets at approximately 8:15 p.m., at which time and place the Plymouth taxicab collided with the 1952 four-door Dodge sedan which was owned and being operated at said time and place by the plaintiff.

"(4) Said collision at the intersection of Ashe and West Lee Streets was proximately caused by the negligence of said Richard Junior Mickens, and the plaintiff was not guilty of any contributory negligence.

"(5) Richard Junior Mickens was thereafter indicted for the larceny of the Plymouth taxicab, and at the February 6, 1956 Criminal Term of Superior Court of Guilford County, Greensboro Division, he entered a plea of guilty to the charge of the larceny and receiving of said taxicab, upon which plea of guilty sentence was duly pronounced by the Judge presiding at said term of Superior Court."

From a judgment of nonsuit as to the defendant Embra C. Morris, the plaintiff appealed.

*Ottway Burton for plaintiff appellant.*
*Jordan, Wright & Henson, By: Welch Jordan for defendant, Embra C. Morris, appellee.*

HIGGINS, J. The question presented here is this: Does failure to remove the switch key render the owner of an automobile liable for the negligent operation thereof by a thief who steals it?

If the owner is liable for injury inflicted by the thief at the next street crossing, there appears no reason why liability should not extend to the next town, the next county, or the next state. If leaving the key in the switch creates liability, leaving it on the seat, or on the owner's desk where a thief could easily find it, would seem also to imply liability. If liability exists on the day of the theft, does it not continue to the next day, and the next? Surely, ownership of a motor vehicle does not involve such hazard. The rule governing liability is clearly stated in

the case of *Ward v. R. R. Company,* 206 N.C. 530, 174 S.E. 443: "In the final analysis, the case presents an injury inflicted by the criminal act of a third person, and one in nowise connected with the . . . prosecution of the defendant's business.

"Assuming, but not deciding, that the defendant was negligent . . . nevertheless, the general rule of law is that if between the negligence and the injury there is the intervening crime or willful and malicious act of a third person producing the injury but that such was not intended by the defendant, and could not have been reasonably foreseen by it, 'the causal chain between the original negligence and the accident is broken.' " Citing numerous cases.

"A motor vehicle is inanimate and cannot move of its own volition. . . . Moreover, where a motor vehicle is parked properly, the brakes set and the engine turned off, the owner thereof is not responsible for the independent act of a third party in negligently or maliciously starting the motor vehicle which results in damages or injuries to another." *Ross v. Greyhound Corp.,* 223 N.C. 239, 25 S.E. 2d 852, citing numerous cases. The case of *Campbell v. Laundry,* 190 N.C. 649, 130 S.E. 638, is not in conflict with the foregoing decisions. Negligence in the Campbell case consisted in the leaving of a motor vehicle illegally parked in such condition as rendered it dangerous to heedless children who were known by the owner to be exposed to the hazard.

There was neither ordinance in Greensboro nor State law against leaving a key in the ignition switch of an automobile. While we are not willing to say that the stipulated facts are sufficient to show negligence on the part of the defendant Morris, nevertheless, even if such were the case, to allow recovery would do violence to the rule of proximate cause as understood and applied in this jurisdiction. *McNair v. Richardson,* 244 N.C. 65, 92 S.E. 2d 459; *Welling v. Charlotte,* 241 N.C. 312, 85 S.E. 2d 379; *Boone v. R. R.,* 240 N.C. 152, 81 S.E. 2d 380.

The judgment below is

Affirmed.