SPURLOCK v. ALEXANDER

[121 N.C. App. 668 (1996)]

---

DONNA S. SPURLOCK, Plaintiff v. TIMOTHY G. ALEXANDER and JOE CONNELL IMPORTS, INC., Defendants

No. COA95-389

(Filed 5 March 1996)

**Automobiles and Other Vehicles § 415 (NCI4th)— key left in ignition by car dealer—car stolen and crashed into plaintiff—no proximate cause**

A common law negligence claim could not be maintained against defendant car dealer which left keys in a vehicle where the vehicle was subsequently stolen, driven at a high rate of speed to elude officers, and crashed into plaintiff's vehicle causing her personal injuries, since the Supreme Court in *Williams v. Mickens*, 247 N.C. 262, expressly declined to extend such liability, and, notwithstanding Charlotte City Code § 14-180(a), which created a duty not to leave an ignition key in an unattended vehicle, the law of proximate cause remained unchanged.

**Am Jur 2d, Automobiles and Highway Traffic §§ 431 et seq.**

**Accession to motor vehicle. 43 ALR2d 813.**

Appeal by plaintiff from order entered 13 August 1993 by Judge C. Walter Allen in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 January 1996.

On 18 May 1990, plaintiff was driving her automobile in an eastward direction on Freedom Drive in Charlotte, North Carolina, when her vehicle was struck head-on by a stolen automobile driven by defendant Timothy G. Alexander (hereinafter "Alexander"). The collision occurred when, in an effort to flee a pursuing law enforcement officer, Alexander drove the stolen vehicle across the centerline, around a median, and into oncoming traffic where he struck plaintiff's vehicle. As a result of the collision, plaintiff sustained multiple serious injuries which rendered her permanently partially disabled.

Alexander stole the vehicle he was driving from defendant Joe Connell Imports, Inc. (hereinafter "defendant"). Alexander had entered the premises of defendant's automobile sales lot posing as a prospective buyer. In time, Alexander located a 1984 BMW on the lot with its keys in the ignition, which he then stole and drove until ultimately colliding with plaintiff.

On 14 May 1993, plaintiff filed suit against both Alexander and defendant car lot. Plaintiff alleged that defendant should be held liable for negligently failing to remove the keys from the ignition of the automobile that was stolen by Alexander. Plaintiff alleged both common law negligence and negligence based on defendant's violation of Charlotte City Code section 14-180(a), which provides in pertinent part:

(a) *Duty to lock ignition, remove key.* No person driving or in charge of a motor vehicle shall leave such vehicle unattended on any street, alley, other public property, new or used car lot, or on any private parking lot to which the general public is invited and at which there is no attendant, without first stopping the engine, locking the ignition, and removing the ignition key from the vehicle . . . .

In response, defendant filed a motion to dismiss pursuant to Rule 12(b)(6), and Judge C. Walter Allen granted defendant's motion. Plaintiff appealed to the North Carolina Court of Appeals and this court dismissed plaintiff's appeal as interlocutory. In the meantime, plaintiff secured a default judgment against Alexander and after trial on the issue of damages plaintiff was awarded a judgment of $320,700.00 against Alexander. On 7 February 1995, judgment was entered against Alexander and the trial court's grant of defendant's motion to dismiss was no longer interlocutory.

Plaintiff appeals.

*Staten L. Wilcox, P.A., by David P. Coss, for plaintiff-appellant.*

*Golding, Meekins, Holden, Cosper & Stiles, by Mark O. Crowther, for defendant-appellee Joe Connell Imports, Inc.*

EAGLES, Judge.

The sole issue here is whether the trial court erred in granting defendant's motion to dismiss pursuant to Rule 12(b)(6). Plaintiff concedes that our Supreme Court has expressly declined to extend liability to the owner of an automobile for leaving the keys in the automobile's ignition when the automobile was subsequently stolen and when the thief's negligent operation of that stolen vehicle caused injury to a third party. *Williams v. Mickens,* 247 N.C. 262, 263-64, 100 S.E.2d 511, 512-13 (1957). Plaintiff argues, however, that *Williams* is distinguishable (1) because the defendant in *Williams* was an individual, not a corporation in the business of selling cars like the defendant here, and (2) because of the special duty not to leave keys in the ignition created by Charlotte City Code section 14-180(a). We disagree.

Defendant in *Williams* was a taxicab driver and owner of the taxicab he drove. Defendant's taxi was stolen when, while driving his taxicab in the course of his business, defendant parked the vehicle briefly at his taxi stand and left the keys in the ignition while he went inside the building. In this context, we cannot say that a taxi driver is so factually distinct from an automobile dealer as to warrant a result different from *Williams.* By virtue of their respective businesses, both the taxi driver and the automobile dealer should have had a heightened awareness of the dangers of automobile theft. The fact that defendant's business here is corporate in form while defendant's in *Williams* was not is immaterial. Accordingly, based on *Williams,* we conclude that a common law negligence claim may not be maintained against defendant automobile dealer here.

Plaintiff next attempts to distinguish *Williams* by recognizing, as did the Supreme Court, that in *Williams* "[t]here was neither ordinance . . . nor State law against leaving a key in the ignition switch of an automobile." *Williams,* 247 N.C. at 264, 100 S.E.2d at 513. Plaintiff argues that *Williams* is inapplicable here since Charlotte City Code section 14-180(a) creates a duty not to leave an ignition key in an unattended vehicle.

"A statute or ordinance designed for the protection of the public is a 'safety' enactment and its violation constitutes negligence *per se* . . . ." *Jackson v. Housing Authority of High Point*, 73 N.C. App. 363, 368, 326 S.E.2d 295, 298 (1985), *aff'd*, 316 N.C. 259, 341 S.E.2d 523 (1986). Under this doctrine, a "member of the class intended to be protected by a statute or regulation who suffers harm proximately caused by its violation has a claim against the violator." *Baldwin v. GTE South, Inc.*, 335 N.C. 544, 546, 439 S.E.2d 108, 109 (1994). Plaintiff essentially argues that she was a member of the class to be protected by Charlotte City Code section 14-180(a) and that defendant's violation of the ordinance proximately caused her injuries. We disagree.

We conclude that plaintiff's argument here fails because *Williams* remains controlling on the issue of proximate cause. To recover under a negligence per se theory, the plaintiff must still prove that the defendant's statutory violation proximately caused the plaintiff's harm. Plaintiff argues that the requisite proximate cause is present here. Our Supreme Court stated in *Williams*, however, that allowing recovery in a case like this "would do violence to the rule of proximate cause as understood and applied in this jurisdiction." *Williams*, 247 N.C. at 264, 100 S.E.2d at 513. Notwithstanding Charlotte City Code section 14-180(a), the law of proximate cause remains unchanged. Accordingly, the order of the trial court dismissing plaintiff's claim against defendant automobile dealer is

Affirmed.

Judges MARTIN, John C., and MARTIN, Mark D., concur.