## LEDERER, FORMER COLLECTOR, *v.* McGARVEY, EXECUTRIX.

ON CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 120. Argued March 3, 1926.—Decided May 24, 1926.

When, upon the hearing of a certificate from the Circuit Court of Appeals, the plaintiff in error concedes that answers to the questions certified can avail nothing, owing to his incapacity to litigate the claim to which they relate, the certificate (the other party not opposing) will be dismissed. P. 343.

Certificate dismissed.

QUESTIONS certified by the Circuit Court of Appeals upon a writ of error to a judgment of the District Court, 4 Fed. (2d) 418, which allowed recovery from the Collector of taxes assessed for violations of the liquor regulations and overruled a counterclaim set up by the Collector for the full penal amount of the plaintiff's surety bond. See also case preceding.

*Assistant Attorney General Willebrandt,* with whom *Solicitor General Mitchell* and *Mr. John J. Byrne* were on the brief, for Lederer, Collector.

*Mr. Levi Cooke,* with whom *Messrs. Frederick W. Breitinger* and *George R. Beneman* were on the brief, for McGarvey, Executrix.

MR. JUSTICE SANFORD delivered the opinion of the Court.

The Circuit Court of Appeals has certified to us in this case the same questions that were submitted in *United States* v. *Zerbey, ante,* p. 332, in reference to permit bonds covering the sale and use of distilled spirits and wines for other than beverage purposes.

It appears from the certificate that on March 20, 1920, after Regulations 60 had been promulgated, prescribing a surety bond on Form 1408, a permit was issued to O'Kane on a surety bond in the penal sum of $2,000, executed on Form 738. While this permit was in force O'Kane violated the National Prohibition Act and the regulations by selling whiskey to a pharmacy having no permit to purchase it, and failing to keep a record of the sales as required by the regulations. He was assessed with a differential tax of $1,098.72. He paid this, under protest, to Lederer, the Collector of Internal Revenue, and thereafter brought suit against Lederer in a Federal District Court to recover the amount paid. Lederer, while conceding this claim, interposed a counterclaim for $2,000 on the surety bond, the full amount of which, he insisted, had become due to the United States by reason of the breach of condition. The District Court, holding that " the amount named in the bond represents a limit, and not a measure of liability," denied the counterclaim, and gave O'Kane judgment for the amount of the tax paid. 4 Fed. (2d) 418. And the case having been taken to the Circuit Court of Appeals on a writ of error, it has certified to us, in effect, the questions whether a surety bond executed on Form 738—after Form 1408 had been prescribed—is a forfeiture bond entitling the United States to recover the full amount named on a breach of its condition, or an indemnity bond merely.

In the brief filed in this Court in behalf of Lederer, it is now said that the decision in *Sage* v. *United States,* 250 U. S. 33, " makes it plain that, in defending an action for the recovery of taxes alleged to have been illegally collected, a collector of internal revenue is not acting for and in behalf of the United States, but is seeking to prevent the entry of a personal judgment against himself "; and that it " would apparently follow that the collector is without right in such a case to set up as a counterclaim

an alleged indebtedness of the plaintiff to the United States." And it is suggested that, " as the judgment of the District Court must be affirmed by the Circuit Court of Appeals without regard to the points presented in the certified questions," an answer to these questions, which would avail nothing, is not required. *United States* v. *Buzzo,* 18 Wall. 125, 129; *United States* v. *Britton,* 108 U. S. 199, 207.

In view of the concession now made by Lederer, this suggestion is not opposed by the counsel for O'Kane's executrix. Accordingly, without answering the question certified, the

*Certificate is dismissed.*