BENNIE TERRELL v. H. & N. CHEVROLET COMPANY, INC.

No. 713DC148

(Filed 26 May 1971)

**1. Bailment § 1— creation of bailment — delivery of automobile to garage**

When an owner delivers possession of an automobile which is accepted by a garage owner for the purpose of making necessary repairs, a bailment is created for the mutual benefit of the bailor and bailee.

**2. Appeal and Error § 50— erroneous instruction — stipulation of issue**

An instruction that the parties had stipulated to the issues in the case was erroneous where the parties had not so stipulated.

**3. Rules of Civil Procedure § 51— instructions to jury — use of hypothetical facts**

Trial court's use of hypothetical facts in his instructions to the jury, while probably not prejudicial *per se*, may have tended to further confuse the jury when considered with other erroneous portions of the charge. G.S. 1A-1, Rule 51.

---

---

**4. Rules of Civil Procedure § 51— peremptory instruction on damages — credibility of evidence**

An instruction requiring the jury to answer the issue of damages in the amount of $507, *held* erroneous in not permitting the jury to pass upon the credibility of the evidence.

APPEAL by defendant from *Roberts, District Judge,* 12 October 1970 Session of District Court held in CRAVEN County.

Plaintiff left his 1969 automobile with defendant for defendant to perform some repair work on the engine. Thereafter, before completing the repair work, defendant informed plaintiff that someone had stolen the transmission, gear shift, gear shift lever mechanism, and two wheels and tires alleged to be worth a total of $615 from the automobile. Plaintiff alleged that the relationship of bailor-bailee existed between the parties and that the defendant was guilty of negligence which proximately caused the loss of the foregoing equipment and resulting damage to plaintiff. Defendant refused to pay for the replacement of the parts stolen from plaintiff's automobile, forcing plaintiff to pay for those replaced.

The jury found that the relationship of bailor-bailee existed, that defendant did not exercise ordinary care, and that the plaintiff was entitled to recover damages in the amount of $507. From the judgment entered, the defendant appealed and assigned error.

*Barden, Stith, McCotter & Sugg by F. Blackwell Stith for defendant appellant.*

*No counsel for plaintiff appellee.*

MALLARD, Chief Judge.

After the plaintiff put on his evidence and rested, the defendant made a motion for a directed verdict; and at the close of all the evidence, the defendant again made a motion for a directed verdict. After the verdict the defendant made five motions including one for judgment notwithstanding the verdict. All of these motions were denied. None were properly made because none of them incorporated the rule number under which movant was proceeding. See Rule 6 of the "General Rules of Practice for the Superior and District Courts Supplemental to Rules of Civil Procedure Adopted Pursuant to G.S. 7A-34."

[1]   While we do not specifically rule on defendant's assignments of error relating to the motions, we think it is proper to say that when an owner delivers possession of an automobile which is accepted by a garage owner for the purpose of making necessary repairs, a bailment is created for the mutual benefit of the bailor and bailee. In *Insurance Co. v. Motors, Inc.*, 240 N.C. 183, 81 S.E. 2d 416 (1954), it is said:

> * * * "[I]n such case the duty of the bailee is to exercise due care and his liability depends upon the presence or absence of ordinary negligence. * * *
>
> A *prima facie* case of actionable negligence, requiring submission of the issue to the jury, is made when the bailor offers evidence tending to show that the property was delivered to the bailee; that the bailee accepted it and thereafter had possession and control of it; and that the bailee failed to return the property or returned it in a damaged condition. * * *"

See also *Dellinger v. Bridges*, 259 N.C. 90, 130 S.E. 2d 19 (1963), in which the Supreme Court held:

> "Plaintiff's evidence tends to show that he delivered his automobile to Piedmont, that Piedmont accepted it, and thereafter had possession and control of it, and that it failed to return the automobile and had it in its possession and control in a damaged condition. This made out a *prima facie* case of actionable negligence against Piedmont. (Citations omitted.)
>
> While plaintiff's evidence makes out a *prima facie* case of negligence against Piedmont, the ultimate burden of establishing negligence is on plaintiff, the bailor, and remains on him throughout the trial. (Citations omitted.)"

[2]·   In the case at bar the judge said in charging the jury:

> "There are three issues in this case, which have been stipulated and are agreed to by counsel for both sides. That is, counsel for the plaintiff and defendant agree that these are the questions you as a jury must answer."

The defendant excepts to this and asserts that it did not so stipulate. The record does not reveal such a stipulation and therefore does not support this part of the charge. Absent a stipulation to that effect in the record, it was error for the trial

Terrell v. Chevrolet Co.

judge to instruct the jury that the parties had so stipulated. See *Highway Commission v. Phillips,* 267 N.C. 369, 148 S.E. 2d 282 (1966).

The judge further charged the jury:

"I charge you that the degree, for example, of care to be used against a fire damage wherein there was no fire-fighting equipment for miles around would be a great deal more care than that to be used probably by a business or organization next door or one block from the fire station."

[3] Defendant assigns this portion of the charge as error. Under the provisions of G.S. 1A-1, Rule 51, the judge is required to "declare and explain the law arising on the evidence given in the case." The judge is not required to declare and explain the law on a set of hypothetical facts. *State v. Street,* 241 N.C. 689, 86 S.E. 2d 277 (1955). There was no evidence in this case about fire and fire-fighting equipment, and therefore the evidence introduced does not permit the application of this principle. *State v. Street, supra; Ross v. Greyhound Corp.,* 223 N.C. 239, 25 S.E. 2d 852 (1943). In the case of *Rea v. Simowitz,* 226 N.C. 379, 38 S.E. 2d 194 (1946), the Court said:

"In explaining legal principles to a lay jury the trial judge's use of illustrations should be carefully guarded to avoid suggestions susceptible of inferences as to the facts beyond that intended. And this Court has on occasion awarded new trials where illustrations or hypothetical references were deemed to constitute prejudicial error."

While the instructions here complained of may not have been prejudicial *per se,* when viewed in the light of the remainder of the charge, we think it may have tended to further confuse the jury.

[4] The defendant also excepts and assigns error to the following instructions to the jury:

"Now, if you get to this, the third issue, I charge you that you would answer that in the amount of $507, there being no evidence to the contrary as to the amount."

The vice in this part of the charge is that the jury was not permitted to pass upon the credibility of the evidence. See *Morris v. Tate,* 230 N.C. 29, 51 S.E. 2d 892 (1949). The burden of proof on the issue of damages was on the plaintiff, and it was preju-

Terrell v. Chevrolet Co.

dicial error to fail to permit the jury to pass upon the credibility of the evidence. In *Chisholm v. Hall*, 255 N.C. 374, 121 S.E. 2d 726 (1961), the Court said:

> "When all the evidence offered suffices, if true, to establish the controverted fact, the court may give a peremptory instruction—that is, if the jury find the facts to be as all the evidence tends to show, it will answer the inquiry in an indicated manner. Defendant's denial of an alleged fact raises an issue as to its existence even though he offers no evidence tending to contradict that offered by plaintiff. A peremptory instruction does not deprive the jury of its right to reject the evidence because of lack of faith in its credibility. * * *"

The new rules of civil procedure have not abolished peremptory instructions in proper cases. See *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971). In 7 Strong, N. C. Index 2d, Trial, § 31, p. 321, there appear the following directions on how to peremptorily instruct a jury:

> "The correct form of a peremptory instruction is that the jury should answer the issue as specified if the jury should find from the greater weight of the evidence that the facts are as all the evidence tends to show. The court should also charge that if the jury does not so find they should answer the issue in the opposite manner. In other words, the court must leave it to the jury to decide the issue."

In further instructions on the third issue in the case before us, to which defendant excepts, the judge said:

> "If you answer the second issue No, then you will ignore the third issue. If you answer the second issue No, you will answer the third issue $507, or, I believe I charged you you would have to answer that—you may answer it $507 or some lesser amount, there being no evidence of any values other (than) that, but you could not answer it more than $507."

The error in this part of the charge is that it is contradictory and confusing, both as to the circumstances under which the third issue was to be answered, as well as to how it should be answered.

It is not necessary for decision in this case to discuss defendant's other assignments of error, some of which may have merit.

For errors in the charge, the defendant is entitled to a new trial.

New trial.

Judges PARKER and VAUGHN concur.