STATE OF NORTH CAROLINA v. LEE ROBERT WILLIAMS

No. 7710SC717

(Filed 7 February 1978)

1. **Criminal Law § 62— polygraph test results—time of admission—stipulation controlling**

    Defendant's contention that the admission of polygraph evidence as a part of the State's evidence before defendant was given the opportunity to present evidence was in violation of his Fifth Amendment right against self-incrimination is without merit, since, in a pre-trial stipulation concerning the polygraph test and use of the results, defendant waived "any and all rights to object to the admission of the results" of the test in return for the State's agreement to dismiss all charges should "the defendant prove truthful and the prosecutrix deceptive."

2. **Criminal Law § 62— polygraph test results—admission only pursuant to stipulation**

    In N.C. evidence relating to the results of polygraph tests is admissible only when there is a stipulation providing for its admission.

3. **Rape § 5— second degree rape—force—sufficiency of evidence**

    Evidence of force was sufficient to support a second degree rape charge where it tended to show that defendant was twenty-eight and the victim was fourteen; the victim had spent the evening in defendant's company; defendant told the victim that he would drive her home; instead, defendant drove to a dirt road and parked; the victim attempted to escape but defendant caught her, threw her into the backseat of the car and raped her; and the victim

State v. Williams

testified that she tried to fight back the defendant, but he threatened to leave her there to freeze to death if she did not cooperate.

4. **Criminal Law § 113— principles of law from other cases—no instruction on facts of other cases—no error**

The trial court properly instructed the jury where it stated only the applicable principles of law from various N.C. Supreme Court cases, and it would have been error for the court to present the jury with the facts in the cases from which the principles of law were taken.

5. **Criminal Law § 113— jury instructions—principle of law paraphrased—no error**

In a prosecution of defendant for rape of a fourteen-year-old girl, the trial court did not commit prejudicial error when, in quoting an applicable principle of law from another case, the court inserted the word "female" in place of "child" when referring to the amount of force necessary to constitute rape when a victim is confronted by a strong man.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 14 April 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 12 January 1978.

Defendant was indicted for rape of a female over twelve years old. He pled not guilty and the case was submitted to the jury on the charge of second-degree rape.

Prior to trial, the defendant and the State entered into the following stipulation:

It is hereby stipulated by and among the undersigned defendant, his attorney, and the District Attorney for the Tenth Prosecutorial District that the State shall provide and the prosecutrix and defendant shall submit to polygraph tests in connection with the charge(s) now pending against him, and each of the undersigned hereby voluntarily and understandingly waive any and all rights to object to the admission of the results of the said polygraph tests. It is further stipulated that the results of the polygraph tests shall be admissible into evidence at the trial of the defendant and that such admissible results shall include but not be limited to the conference and pre-testing, total chart minutes, and interrogation by a qualified polygraph examiner usually made in connection with such tests.

This the 3rd day of February, 1977.

s/ LEE ROBERT WILLIAMS
Defendant

s/ BEN F. CLIFTON
Attorney for the Defendant

s/ RANDOLPH RILEY
Assistant District Attorney

Should the defendant prove truthful and the prosecutrix deceptive, charges shall be dismissed.

Evidence presented by the State tended to show:

On 25 January 1977 fourteen-year-old Sherita Ann Brooks, the prosecutrix, went riding with the twenty-eight-year-old defendant and several girl friends. The prosecutrix had been acquainted with defendant approximately four months. At about 9:00 p.m. that evening, defendant took the other girls home and told the prosecutrix that he would drive her home. Instead, he drove to a dirt road and parked. The prosecutrix attempted to escape but defendant caught her, threw her into the backseat of the car and raped her. She testified that she "[tried] to fight him back", but that defendant told her that if "I ain't do what he said, he going to leave me out there to freeze till I die." Defendant took the prosecutrix home about midnight. She told her mother about the rape; her mother immediately took her to the police station to report the incident and then to the hospital for an examination which revealed that she had recently had sexual relations.

S.B.I. Agent Davenport testified pursuant to the pretrial stipulation that he administered a polygraph examination to the prosecutrix on 17 February 1977, and that in his opinion she was truthful when she stated defendant forced her to have sexual relations with him. He further testified that on 18 February 1977, he administered a polygraph examination to defendant and that in his opinion defendant had shown deception when he stated that the prosecutrix had been a willing participant. In both instances the judge instructed the jury that evidence of the polygraph results was to relate only to the credibility of the prosecutrix and the defendant.

Defendant presented evidence tending to show that he had gone out with the prosecutrix and her girl friends on the evening in question; that they were all drinking beer and vodka and smoking pot; that he danced with the prosecutrix during the evening; and that while he was driving the prosecutrix home, she voluntarily consented to have sexual relations with him.

The jury returned a verdict of guilty of second-degree rape, and from judgment imposing a prison sentence of forty years, defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General Robert P. Gruber, for the State.*

*Crisp, Bolch, Smith, Clifton & Davis, by Benjamin F. Clifton, Jr., for defendant appellant.*

BRITT, Judge.

[1] Defendant contends first that the trial court erred in allowing the introduction of the results of his polygraph examination during the presentation of the State's evidence. He argues that such evidence introduced before he testified was in violation of his fifth amendment right against self-incrimination because it forced him to take the stand and that such evidence should have been admitted only as rebuttal evidence after he had testified. We find no merit in this contention.

This court in *State v. Steele*, 27 N.C. App. 496, 219 S.E. 2d 540 (1975), set forth the criteria for admission of evidence pertaining to the results of a polygraph test. In the case at hand, the able trial judge meticulously followed the *Steele* opinion. Defendant seems to concede this and limits his attack on the evidence to the time at which it was admitted—as a part of the State's evidence before defendant was given the opportunity to present evidence.

[2] It appears that in this jurisdiction evidence relating to the results of polygraph tests is admissible only when there is a stipulation providing for its admission. A stipulation is a judicial admission which is ordinarily binding on the parties who made it. *State v. Murchinson*, 18 N.C. App. 194, 196 S.E. 2d 540 (1973). In the stipulation set forth above, defendant waived "any and all rights to object to the admission of the results" of the tests in

return for the State's agreement to dismiss all charges should "the defendant prove truthful and the prosecutrix deceptive". The stipulation, signed by defendant and his counsel, contains no provision limiting the time at trial at which evidence of the results of the tests might be presented against defendant. We hold that the trial court did not err in admitting the evidence when it did.

[3] Defendant contends next that the trial court erred in not dismissing the charges against him and directing a verdict of not guilty on the grounds that there was insufficient evidence of force to support the rape charge. We find no merit in this contention. The evidence of force as set forth in the statement of facts, taken in the light most favorable to the State as is required on a motion for nonsuit, was amply sufficient to support the second-degree rape charge. *State v. McNeil*, 280 N.C. 159, 185 S.E. 2d 156 (1971).

[4] In his third contention defendant asserts that the trial court committed prejudicial error in instructing the jury "by reading excerpts of law from various North Carolina Supreme Court cases without first apprising the jury of the facts in the cases out of which that law arose". We find no merit in this novel contention.

In *State v. Street*, 241 N.C. 689, 692, 86 S.E. 2d 277, 279 (1955), the trial court used a hypothetical illustration in the jury charge to explain the difference between real and apparent danger; the Supreme Court found the instruction to be erroneous because ". . . it was predicated upon a factual situation wholly unrelated to the facts in the instant case." The court stated that G.S. 1-180 ". . . requires the court, in . . . criminal . . . actions, to declare and explain the law arising on the evidence in the particular case and not upon a set of hypothetical facts . . ." because the hypothetical facts might mislead the jury. *See also Ross v. Greyhound Corp.*, 223 N.C. 239, 25 S.E. 2d 852 (1943); *Terrell v. Chevrolet Company, Inc.*, 11 N.C. App. 310, 181 S.E. 2d 124 (1971); 7 Strong's N.C. Index 2d, Trial §§ 32, 33; 4 Strong's N.C. Index 3d, Criminal Law § 113.

Based on the principle enunciated in the *Street* case, we conclude that the trial court in the present case correctly instructed the jury by stating only the applicable principles of law. The court would have committed error if it had presented the jury with the facts in the cases from which the principles of law were

taken. Such extraneous facts would have been irrelevant to the present case and may have misled the jury in their deliberations.

[5] Finally, defendant contends that the trial court erred by misquoting the language from *State v. Carter*, 265 N.C. 626, 144 S.E. 2d 826 (1965), defining the force necessary to constitute rape. Defendant contends that the court inappropriately inserted the word "female" in place of "child" when referring to the amount of force necessary to constitute rape when a victim is confronted by a strong man. We find no merit in this contention.

In charging a jury, "[t]he judge . . . should segregate the material facts of the case, array the facts on both sides, and apply the pertinent principles of law to each . . . ." 4 Strong's N.C. Index 3d, Criminal Law § 111, p. 564. Defendant cites no authority and we find none which requires a judge to give verbatim quotes from other cases on the applicable principles of law. On the contrary, the court is required to apply the principles of law to the fact situation which the jury is to consider. 4 Strong's N.C. Index 3d, Criminal Law § 113. When the court's charge concerning the force necessary to constitute rape is viewed contextually, and in light of the factual situation under consideration, *State v. Butler*, 185 N.C. 625, 115 S.E. 889 (1923), 4 Strong's N.C. Index 3d, Criminal Law § 168, we conclude that the court did not commit prejudicial error in the paraphrase of the applicable principle of law from the *Carter* case.

For the reasons stated, we conclude that defendant received a fair trial free from prejudicial error.

No error.

Judges HEDRICK and WEBB concur.