BILLY DEAN MILLER v. CANNON MOTORS, INC.

No. 7823DC340

(Filed 20 February 1979)

**Bailment § 3.3— bailee's failure to return vehicle—prima facie showing of negligence**

In an action to recover damages for the loss of a vehicle taken to defendant's place of business for repairs, a jury question was presented on the issue of defendant's negligence where plaintiff made out a *prima facie* case of defendant's negligence by presenting evidence that he took the vehicle to defendant's garage for repairs and that defendant accepted the vehicle and failed to return it when plaintiff called for it; plaintiff also presented testimony by defendant's president concerning the care exercised by defendant with regard to plaintiff's vehicle; and defendant did not introduce any evidence to explain its failure to return the vehicle.

Judge MITCHELL concurs in the result.

APPEAL by defendant from *Osborne, Judge.* Judgment entered 24 January 1978 in District Court, WILKES County. Heard in the Court of Appeals 18 January 1979.

*Brewer and Bryan, by Joe O. Brewer and Paul W. Freeman, for plaintiff appellee.*

*W. G. Mitchell, for defendant appellant.*

MARTIN (Robert M.), Judge.

Plaintiff brought this civil action to recover damages for the loss of a 1971 Volkswagen bus, which had been taken to defendant's place of business for repairs and which was not returned to plaintiff when he called for it. At trial, no evidence was introduced to show what had become of the bus, although there is evidence that indicates that the parties to this action assumed that the bus had been stolen. Defendant put on no evidence at trial, contending that plaintiff's own evidence showed defendant's lack of negligence. Defendant's motion for directed verdict was

denied by the trial court, and the case was submitted to the jury on the issue of defendant's negligence. The jury awarded plaintiff $2,340.00, the value of the bus. The trial court denied defendant's motion for judgment *n.o.v.* and entered judgment on the verdict. From this judgment and the orders of the trial court denying the motions for directed verdict and judgment *non obstante veredicto*, defendant appeals, assigning error.

The defendant first contends that the trial court erred in failing to direct the verdict in his favor, there being insufficient evidence of defendant's negligence upon which to submit the issue to the jury. We disagree. Having established by uncontroverted evidence that he had taken the Volkswagen bus in question to defendant's garage for service, and that the defendant accepted the bus and then failed to return it when plaintiff sought to retrieve it, plaintiff had made out a *prima facie* case of defendant's negligence which was sufficient to be submitted to the jury. *Swain v. Motor Co.*, 207 N.C. 755, 178 S.E. 560 (1935). The relationship between the parties was that of bailment for the mutual benefit of bailor and bailee, *Terrell v. Chevrolet Company*, 11 N.C. App. 310, 181 S.E. 2d 124 (1971), so that the defendant bailor would be liable to the bailee for ordinary negligence, *Clott v. Greyhound Lines*, 278 N.C. 378, 384, 180 S.E. 2d 102, 107 (1971).

> . . . [W]hen a bailor . . . offers evidence tending to show (1) that the property was delivered to the bailee, (2) that bailee accepted it and thereafter had possession and control of the property, and (3) that bailee failed to return the property, or returned it in a damaged condition, a *prima facie* case of actionable negligence is made out and the case must be submitted to the jury. [Citations omitted.] When a *prima facie* case is made out, it warrants but does not compel a verdict for plaintiff. The jury is simply authorized to find either way, and either party may lose if he offers no further proof. *Manufacturing Co. v. R.R.*, 222 N.C. 330, 23 S.E. 2d 32 (1942); Stansbury, North Carolina Evidence, 2d Ed., § 203.

*Clott v. Greyhound Lines, supra*, at 388-389, 180 S.E. 2d 110. Where plaintiff has made out a *prima facie* case, the burden of persuasion does not shift from plaintiff to defendant, but the defendant then has the choice of introducing evidence to exonerate himself or relying upon any deficiencies he has found in plaintiff's

case. *See*, Stansbury, N.C. Evidence (Brandis Rev.) §§ 203, 226. Defendant contends that plaintiff's *prima facie* case was rebutted by plaintiff's calling the president of the defendant corporation to testify and receiving his testimony concerning the care exercised by defendant with regard to plaintiff's vehicle. We disagree. The witness was called as an adverse witness, and testified only as to the care employed by him. Had he made such testimony on direct examination in defense of the defendant corporation, it would have been insufficient to rebut plaintiff's *prima facie* case and warrant taking the issue of negligence away from the jury. This particular testimony in the case before us came from a witness who was ruled by the trial court without objection to be an adverse witness, and, ordinarily, if the testimony of an adverse witness is unfavorable to the party calling him and is not contradicted by other evidence, the party so calling the adverse witness is bound by his testimony, *Meece v. Dickson*, 252 N.C. 300, 113 S.E. 2d 578 (1960); Stansbury, *op. cit.*, § 40. In the absence of the *prima facie* inference of negligence arising upon plaintiff's evidence, verdict might properly have been directed against plaintiff; however, in this case, because plaintiff's evidence made out a *prima facie* case of defendant's negligence, the question was left for the jury whether the care employed by the defendant (about which defendant's president testified) while it had plaintiff's vehicle in its possession was reasonable. Plaintiff's evidence would support, but not compel, a finding that defendant was negligent, just as the testimony by defendant's president would support, but not compel, a finding that defendant was not negligent. Defendant did not choose to introduce any evidence that would explain its failure to return the bus. While it is true that both defendant's owner and the plaintiff gave testimony that would indicate that they thought the bus had been stolen, the duty lay with defendant to rebut the *prima facie* inference of negligence arising upon plaintiff's evidence, by showing what had happened to the bus. As plaintiff's evidence presented a *prima facie* case of defendant's negligence, directed verdict would not have been properly entered in favor of either party at the close of plaintiff's evidence, *Investment Properties v. Allen*, 281 N.C. 174, 180 S.E. 2d 441 (1972), and, as no evidence of exoneration was brought forward by the defendant, the trial court properly submitted the issue of defendant's negligence to the jury. *See, e.g.*, Annot., 43 ALR 2d 403, 416. This assignment of error is overruled.

A motion for judgment *non obstante veredicto* is technically only a renewal of the motion for directed verdict made at the close of all the evidence. *Love v. Pressley*, 34 N.C. App. 503, 239 S.E. 2d 574 (1977). Therefore, the grounds for the motion for judgment *n.o.v.* must be viewed as the same as those for the directed verdict and the same standards apply in determining the sufficiency of the evidence to withstand the motion. *Kaperonis v. Underwriters*, 25 N.C. App. 119, 212 S.E. 2d 532 (1975). Accordingly, for the reasons discussed *supra* with reference to defendant's motion for directed verdict, it is apparent that judgment *n.o.v.* would not have been appropriately granted in this case. Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.

Affirmed.

Judge ERWIN concurs.

Judge MITCHELL concurs in the result.