MICHELLE STOJANIK, ON BEHALF OF THE ESTATE OF AND THE HEIRS OF THE ESTATE OF BONNIE LYNN WOODRING, PLAINTIFF v. R.E.A.C.H. OF JACKSON COUNTY, INC., DEFENDANT

No. COA08-534

(Filed 4 November 2008)

**Negligence— killing at abused women's shelter—not reasonably foreseeable**

Summary judgment was properly granted for defendant in an action which resulted from the killing of a spousal abuse victim in defendant's shelter. Plaintiff's allegations about the prior actions of the victim's husband and the shelter's safety measures were not sufficient to raise a triable issue as to whether it was

reasonably foreseeable that the victim's husband would find and gain access to the shelter to harm the victim.

Appeal by plaintiff from order entered 26 March 2008 by Judge Mark Powell in Jackson County Superior Court. Heard in the Court of Appeals 9 October 2008.

*Sellers, Hinshaw, Ayers, Dortch & Lyons, P.A., by Brett Dressler, and Matthews & Associates, by David P. Matthews and Jason C. Webster, for plaintiff-appellant.*

*Dean & Gibson, PLLC, by Rodney Dean and Leila W. Rogers, for defendant-appellee.*

TYSON, Judge.

Michelle Stojanik, administratrix of the Estate of Bonnie Lynn Woodring and on behalf of the Heirs of the Estate of Bonnie Lynn Woodring ("plaintiff"), appeals from order entered, which granted R.E.A.C.H. of Jackson County, Inc.'s ("defendant") motion for summary judgment. We affirm.

## I. Background

On 20 February 2007, plaintiff filed a complaint and alleged claims of "negligence/gross negligence" and wrongful death. Plaintiff's complaint asserted: (1) Bonnie Lynn Woodring ("the victim") and the victim's son were guests at defendant's abused women's shelter on 18 September 2006; (2) the victim's husband gained access to the shelter and killed the victim; (3) defendant failed to provide "adequate security, control, policies and procedures, measures and/or equipment" for the premises; (4) defendant's acts were the direct and proximate cause of the victim's death; and (5) plaintiff and other family members have been deprived of the victim's "love, society, companionship, comfort, guidance, and advice, as well as her service, protection, care and assistance."

On 18 May 2007, defendant answered plaintiff's complaint and alleged the defenses of: (1) failure to join an indispensable party; (2) independent intervening cause; and (3) release. Defendant's second defense stated:

> If it is determined that the defendant was in any negligent [sic] as alleged in the complaint, which has been and again is denied, then the intentional and criminal action of [the vic-

tim's husband] which included breaking into a neighbors home to steal a shotgun, evading law enforcement on outstanding arrest warrants, breaking into the emergency shelter, kidnapping [defendant's] employee, threatening [defendant's] employee with a shotgun, taking the [victim] hostage while at gunpoint and ultimately shooting and killing the [victim], all act to sever any and all causation from any alleged negligence on the part of [defendant] to the death of [the victim] by superseding any negligence of the defendant and insulates the defendant from liability for damages.

Defendant subsequently moved for summary judgment "on the grounds that there are no issues of material fact and that the Defendant is entitled to summary judgment in its favor as a matter of law." Defendant tendered "all discovery which ha[d] been conducted in the case to date" in support of its motion for summary judgment.

Defendant's motion was heard 17 March 2008. The forecast of evidence at the hearing on defendant's motion for summary judgment tended to establish: (1) defendant's abused women's shelter is divided into two sections, a residential section and a work space section for defendant's employees; (2) the shelter has two wood framed glass panel exterior doors; (3) it is defendant's policy to require all doors to be locked at all times; (4) the victim's husband entered the shelter through an unlocked door; (5) the victim's husband forced one of defendant's employees into the residential section of the shelter; (6) when defendant's employee refused to tell the victim's husband where the victim was, the victim's husband opened "[t]he front shelter door[,]" which set off the alarm system; (7) the victim then entered the common area to confront her husband; and (8) the victim's husband took the victim outside, beat her, brought her back into the shelter, shot, and killed her.

On 26 March 2008, the trial court filed its order, which: (1) "denie[d] Defendant's motion as to Defendant's Third Defense (Release)[]" and (2) "grant[ed] Defendant's Motion as to Defendant's Second Defense (Independent Intervening Cause)." Plaintiff appeals.

## II. Issue

Plaintiff argues the trial court erred when it granted defendant's motion for summary judgment on independent intervening cause.

### III.  Standard of Review

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. The party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact.

A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense. Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist.

Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial.

We review an order allowing summary judgment *de novo*. If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal.

*Wilkins v. Safran*, 185 N.C. App. 668, 671-72, 649 S.E.2d 658, 661 (2007) (internal citations and quotations omitted).

### IV.  Independent Intervening Cause

Plaintiff argues the trial court erred when it granted defendant's motion for summary judgment because "a reasonable jury could conclude that either the affirmative act of leaving the back door unlocked or the negative act of failing to properly secure the premises with a steel door was a proximate cause of [the victim]'s death. (Emphasis original). We disagree.

Our Supreme Court has "emphasized that summary judgment is a drastic measure, and it should be used with caution. This is especially true in a negligence case in which a jury ordinarily applies the reasonable person standard to the facts of each case." *Williams v. Power & Light Co.*, 296 N.C. 400, 402, 250 S.E.2d 255, 257 (1979) (internal

citations omitted). "Summary judgment for defendant, in a negligence action, is proper where the evidence fails to show negligence on the part of defendant, or where contributory negligence on the part of plaintiff is established, or where it is established that the purported negligence of defendant was not the proximate cause of plaintiff's injury." *Hale v. Power Co.*, 40 N.C. App. 202, 203, 252 S.E.2d 265, 267 (citation omitted), *disc. rev. denied*, 297 N.C. 452, 256 S.E.2d 805 (1979).

"Actionable negligence is the failure to exercise that degree of care which a reasonable and prudent person would exercise under similar conditions." *Hart v. Ivey*, 332 N.C. 299, 305, 420 S.E.2d 174, 177-78 (1992). "To recover damages for actionable negligence, plaintiff must establish (1) a legal duty, (2) a breach thereof, and (3) injury proximately caused by such breach." *Petty v. Print Works*, 243 N.C. 292, 298, 90 S.E.2d 717, 721 (1956) (citation omitted).

"The general rule is that the intervening or superseding criminal acts of another preclude liability of the initial negligent actor when the injury is caused by the criminal acts." *Tise v. Yates Construction Co.*, 345 N.C. 456, 460, 480 S.E.2d 677, 680 (1997). "[I]f between the negligence and the injury there is the intervening crime or wilful and malicious act of a third person producing the injury but that such was not intended by the defendant, and could not have been reasonably foreseen by it, the causal chain between the original negligence and accident is broken." *Ward v. R.R.*, 206 N.C. 530, 532, 174 S.E. 443, 444 (1934) (internal quotation omitted).

> It is axiomatic that to establish the element of foreseeability, the plaintiff need not prove that the defendant foresaw the injury in the exact form in which it occurred. The plaintiff need only show that in the exercise of reasonable care the defendant should have foreseen that some injury would result from his act or omission or that consequences of a generally injurious nature might have been expected.

*Foster v. Winston-Salem Joint Venture*, 303 N.C. 636, 642, 281 S.E.2d 36, 40 (1981) (citations omitted).

In *Foster*, the plaintiff sued the owners of a shopping mall for injuries she received after being assaulted in the mall's parking lot. 303 N.C. at 638, 281 S.E.2d at 37. In the year prior to the assault on the plaintiff, thirty-one criminal incidents had been reported at the mall. *Id.* at 642, 281 S.E.2d at 40. Our Supreme Court stated:

We cannot hold as a matter of law that the thirty-one criminal incidents reported as occurring on the shopping mall premises within the year preceding the assault on [the] plaintiff were insufficient to charge [the] defendants with knowledge that such injuries were likely to occur. The issue of foreseeability should therefore be determined by the jury, and the Court of Appeals erred in affirming the trial court's order granting summary judgment in favor of [the] defendants.

*Id.*

Here, defendant's forecast of evidence tended to establish: (1) the victim received defendant's Resident and Shelter Handbook, which stated " [y]ou will need to assist staff in determining how dangerous your abuser may be. If you are in danger it will be in the best interest of you, your children and other residents and staff to be placed in a shelter in another county[;]" (2) the victim never advised defendant's employees that she needed to be transferred to a shelter in another county; (3) "in [defendant's] 30 years, [it] ha[s] never had an abuser come on the property previous to this [incident][;]" and (4) "[t]he majority of abusers do it in the secrecy of their home. . . . [t]hey do not want people outside of their home to know they are doing anything."

Plaintiff's forecast of evidence tended to establish: (1) the location of defendant's shelter is kept confidential; (2) defendant requires all doors to be locked at all times; (3) defendant maintained a "panic" button in its employees' office space; (4) the victim asked defendant's employees for a 911 telephone; (5) the victim's husband had attempted to murder the victim in the past, threatened to find her, and to "finish the job[;]" and (6) upon re-entry into defendant's shelter, the victim expressed concern about her husband "finding [her] and trying to talk to [her]."

Plaintiff's allegations of the victim's husband's prior actions and the shelter's safety measures in place at the time of the victim's murder were not sufficient to raise a triable issue as to whether it was reasonably foreseeable that the victim's husband would attempt to find and gain access to the shelter to harm the victim. *See Brown v. N.C. Wesleyan College,* 65 N.C. App. 579, 583, 309 S.E.2d 701, 703 (1983) ("Based upon this forecast of evidence, we conclude that the scattered incidents of crime through a period beginning in 1959 were not sufficient to raise a triable issue as to whether the abduction and subsequent murder of plaintiff's intestate was reasonably foresee-

able."). Plaintiff failed to forecast evidence that the victim's death due to her husband's criminal actions was foreseeable to defendant and not an independent intervening cause of the victim's death. *Ward*, 206 N.C. at 532, 174 S.E. at 444. The trial court properly granted defendant's motion for summary judgment. This assignment of error is overruled.

### V. Conclusion

The victim's husband's actions could not, as a matter of law, have been reasonably foreseen by defendant based on the parties' forecasts of evidence. The trial court properly granted defendant's motion for summary judgment based on "[d]efendant's Second Defense (Independent Intervening Cause)." The trial court's order is affirmed.

Affirmed.

Judges McCULLOUGH and CALABRIA concur.